IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 

 
NO. AP-75,963

 
 
EX PARTE JUAN JOSE REYNOSO
 

 
ON APPLICATION FOR WRIT OF HABEAS CORPUS
IN CAUSE NO. 941651-A FROM THE
263RD DISTRICT COURT OF HARRIS COUNTY

 
 
Price, J., filed a concurring opinion.
 
CONCURRING OPINION ON REHEARING
ON COURT’S OWN MOTION
 
 
           On June 27, 2007, we entered an order dismissing the applicant’s initial application
for writ of habeas corpus as untimely under Article 11.071, Section 4 of the Texas Code of
Criminal Procedure.


 We do not entertain rehearings from the denial of relief in writ
applications, under Rule 79.2(d) of the Texas Rules of Appellate Procedure.


 Accordingly,
the applicant filed, not a motion for rehearing, but a suggestion that we reconsider our initial
disposition on our own initiative, which Rule 79.2(d) authorizes us to do.
           In dismissing the applicant’s initial writ application as untimely, our calculation was
based upon a construction of Article 11.071, Section 4(b), which provides that a 90-day
extension may be granted, to begin running “on the filing date applicable to the defendant
under Subsection (a).”


 Even though the “filing date applicable to the defendant under
Subsection (a)” fell on a Saturday, we held that the 90-day extension that the applicant
obtained should begin to run on that date, according to the plain language of Subsection (a).
           In his motion suggesting that we reconsider the case on our own initiative, the
applicant argues that when one considers the application of Rule 4.1(a) of the Texas Rules
of Appellate Procedure,


 his initial application was timely filed. This question was not
briefed by the parties prior to our dismissal of the initial writ application. We therefore
granted rehearing on our own initiative of our order dismissing the applicant’s initial writ
application, limited to the issue of how Rule 4.1(a) should apply in this situation, and
whether the applicant’s initial writ application was timely filed in view of that rule.
           A 90-day extension, if granted under the provisions of Article 11.071, Section 4(b),
begins to run, by the plain terms of the statute itself, “on the filing date applicable to the
defendant under Subsection (a)” of Section 4. Subsection (a) of Section 4, as it applies to the
applicant’s case, required him to file his initial writ application “not later than the 45th day
after the date the state’s original brief [was] filed on direct appeal with” this Court. The
Court’s order on original submission assumed, without deciding, that “the filing date
applicable . . . under Subsection (a)” would be determined without resort to provisions
outside of Article 11.071 that ordinarily inform our interpretation of statutory time
computations.


 One of those outside provisions is Rule 4.1(a). Another is Section
311.014(b) of the Code Construction Act,


 which applies to judicial interpretation of
amendments and revisions to the Code of Criminal Procedure.



           According to these explicit time-computation provisions, a period of time that is
designated by statute or code should never be construed as ending on a weekend or holiday. 
Indeed, “any period” of time so designated shall be calculated in this way,


 regardless of the
context, unless the specific statute that sets out that period expressly and explicitly provides
otherwise. Subsection 4(a) of Article 11.071 does not provide otherwise.


 It merely
designates a particular period of time, namely, 45 days from the date the State files its
appellate brief. In calculating that 45-day period time, for whatever purpose, both Rule
4.1(a) and Section 311.014(b) express a legislative intent that we should extend the period
to the next business day should the last day happen to fall on a weekend or holiday. These
computation of time provisions are indifferent to whether we are calculating the period of
time for purposes of determining when an initial capital writ application should be filed,
assuming no 90-day extension has been granted pursuant to Subsection 4(b), or whether,
instead, we are calculating when a 90-day extension that is granted under Subsection 4(b)
should be construed as beginning to run. The statutory construction provisions do not
instruct us to take into account why we are calculating a relevant period of time—they only
tell us how to calculate it.
           If my understanding of how the 45-day period should be calculated is faulty, and the
Court is correct not to consider the application of Rule 4.1(a) and Section 311.014, it
nevertheless cannot be gainsaid that my understanding is at least a plausible one. It would
not have been unreasonable for the applicant’s attorney to have believed his initial writ
application was timely filed. Indeed, neither the parties nor the trial court questioned its
timeliness, and it was this Court that first declared that there was a problem. Even by the
Court’s (in my view erroneous) calculation, the applicant’s writ application was filed on the
next business day after it was due. It is clear that the applicant was not personally at fault
here; any fault was with his attorney. The lateness of the filing (if any) was plainly
attributable to habeas counsel’s “dereliction” (if any) in miscalculating (assuming he did) the
due date, not to any obstructive or contumacious conduct on the applicant’s part, as the Court
concluded on original submission.


 For all of the applicant’s apparent uncertainty with
respect to whether he wanted to waive his right to proceed with a habeas application, any
lateness of the application that ultimately was filed on his behalf obviously proceeded from
habeas counsel’s miscalculation, not from the applicant’s vacillation. We have treated such
reasonable miscalculations in the past as sufficient to justify permitting late-filing under
Article 11.071, Section 4A(b)(2).


 For this reason the Court ultimately reaches the merits
of the applicant’s single (albeit, in the Court’s view, untimely filed) claim, and appropriately
denies it. I concur in that result.
 
Filed: July 2, 2008
Publish